# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | |
|---|---|
| KENNETH HARPER | CIVIL ACTION NO. 07-1947 |
| VERSUS | JUDGE MELANÇON |
| STATE FARM FIRE & CASUALTY COMPANY | MAGISTRATE JUDGE METHVIN |

## MEMORANDUM RULING

Before the Court is State Farm Fire & Casualty Company's ("State Farm" or "defendant") unopposed[1] Motion for Partial Summary Judgment [Rec. Doc. 18]. For the reasons that follow, defendant's Motion will be **GRANTED**.

As a preliminary matter, the Court notes that plaintiff has not filed an opposition to defendant's motion. While the fact that defendant's motion is unopposed does not necessarily mean defendant should prevail on the merits, the plaintiff's failure to file an opposition and statement of contested material facts does require the Court to deem State Farm's statement of uncontested material facts admitted for purposes of the instant motion. Local Rule 56.2.*; See also Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 (5th Cir. 1995) ("A motion for summary judgment cannot be granted simply because there is no opposition, even if failure to oppose violated a local rule. The movant has the burden of establishing the absence of a genuine issue of material fact and, unless he has done so, the court may not grant the motion, regardless of whether any response was filed.").

---

[1] Pursuant to Local Rule 7.5W, plaintiff's opposition to defendant's Motion would have been due on June 30, 2008. As of this date, no opposition or response has been filed.

## I. UNDISPUTED FACTS

Plaintiff, Kenneth Harper ("Harper" or "plaintiff"), purchased an insurance policy (the "Policy") from State Farm covering his property located at 1800 Foster Street in Lake Charles, Louisiana. On September 24, 2005, while the Policy was in full force and effect, Hurricane Rita caused substantial damage to the insured property. Plaintiff filed a claim with State Farm and, upon assessment of the damages, State Farm timely paid plaintiff $33,230.40.

On September 4, 2007, plaintiff filed suit alleging that ". . . State Farm's adjustment gave plaintiff no opportunity to conduct all the needed repairs caused by the storm." *Complaint* [Rec. Doc. 1-1], pg. 1. In addition to seeking compensation for damaged property, plaintiff alleged that defendant was liable for statutory penalties, attorney's fees, and court costs pursuant to La. Rev. Stats. 22:658 and 22:1220. Defendant filed this Motion for Partial Summary Judgment [Rec. Doc. 18] alleging that, in the event plaintiff is successful on his damages claim, the maximum possible statutory penalty is 25% of the amount owed and that Harper is not entitled to attorney's fees under the law existing at the time of the accrual of the right of action. Plaintiff has filed no opposition to this motion.

## II. SUMMARY JUDGMENT STANDARD

A motion for summary judgment shall be granted if the pleadings, depositions and affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Little v.*

*Liquid Air Corp.*, 37 F.3d 1069 (5th Cir. 1994) (*en banc*). Initially, the party moving for summary judgment must demonstrate the absence of any genuine issues of material fact. Where, as here, the nonmoving party has the burden of proof at trial, the moving party does not have to produce evidence which would negate the existence of material facts. It meets its burden by simply pointing out the absence of evidence supporting the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). To oppose the summary judgment motion successfully, the non-moving party must then be able to establish elements essential to its case on which it will bear the burden of proof at trial. A complete failure of proof by the non-moving party of these essential elements renders all other facts immaterial. *Id.* at 322.[2]

Once the burden shifts to the respondent, he must direct the attention of the court to evidence in the record and set forth specific facts sufficient to establish that there is a genuine issue of material fact requiring a trial. *Celotex Corp.*, 477 U.S. at 324; Fed.R.Civ.Pro. 56(e). The responding party may not rest on mere allegations or denials of the adverse party's pleadings as a means of establishing a genuine issue worthy of trial, but must demonstrate by affidavit or other admissible evidence

---

[2] When a party seeking summary judgment bears the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if such evidence were uncontroverted at trial. *Celotex*, 477 U.S. at 324. As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim. *Id.* If the moving party fails to carry this burden, his motion must be denied. If he succeeds, however, the burden shifts to the non-moving party to show that there is a genuine issue for trial. *Id.* at 322-23.

that there are genuine issues of material fact or law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159 (1970); *Little*, 37 F.3d at 1075. There must be sufficient evidence favoring the non-moving party to support a verdict for that party. *Anderson*, 477 U.S. at 249; *Wood v. Houston Belt & Terminal Ry.*, 958 F.2d 95, 97 (5th Cir. 1992). There is no genuine issue of material fact if, viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

If no issue of fact is presented and if the mover is entitled to judgment as a matter of law, the court is required to render the judgment prayed for. Fed. R. Civ. P. 56(c); *Celotex Corp.*, 477 U.S. at 322. Before it can find that there are no genuine issues of material fact, however, the court must be satisfied that no reasonable trier of fact could have found for the non-moving party. *Id.*

### III. LAW AND ANALYSIS

Louisiana law requires insurers to make timely adjustments of claims and imposes upon them a duty of good faith and fair dealing with their insureds. La. Rev. Stats. 22:658 & 22:1220. Violations of these duties may subject the insurer to certain statutory penalties. *Id.* The damage giving rise to this dispute occurred on September 24, 2005, and it is undisputed that defendant timely tendered the payment of $33,230.40 on October 13, 2005. However, plaintiff claims that this amount was inadequate to cover his losses and that defendant breached the duties

4

imposed under Louisiana law by under-adjusting the loss.  As a result, plaintiff argues that State Farm is liable for the statutory penalties and attorney's fees. While denying any liability whatsoever, State Farm moves for summary judgment on the issue of attorney's fees and the maximum statutory penalty available should plaintiff prevail on the merits.

On June 30, 2006, the Louisiana Legislature amended La. Rev. Stat. 22:658 to increase the maximum statutory penalty from 25% to 50% of the amount due and, for the first time, provide for the imposition of attorney's fees.  The question before the Court is whether this amendment can be applied retroactively in this case to award plaintiff the greater statutory penalty and attorney's fees should he prevail. Recently, the Louisiana Supreme Court squarely addressed this issue in *Sher v. Lafayette Ins. Co.*, 2007-2441 (La. 4/8/08), --- So.2d ---, 2008 WL 928486.  Citing its previous decision in *Morial v. Smith & Wesson Corp*, 2000-1132 (La. 4/3/02), 785 So.2d 1, the Louisiana Civil Code, and the Louisiana Revised Statutes, the Supreme Court held that "[t]he amendment is unquestionably substantive, and as such cannot be applied retroactively."  *Sher*, 2008 WL 928486 at *11.  Accordingly, the statutory penalties and award of attorney's fees is governed by the text of La. Rev. Stat. 22:658 at the time of the accrual of the right of action, *i.e.* when defendant allegedly under-assessed plaintiff's damages.  As the applicable text allowed only for a 25%

penalty with no provision for attorney's fees, defendant's motion must be granted.[3]

## IV. CONCLUSION

As the amendments to Louisiana Revised Statute 22:658 are not retroactive, if successful on the merits of his case, plaintiff will be entitled to only to statutory penalties of 25% of the amount owed. No award of attorney's fees is available under this section as it existed at the time the cause of action accrued. Accordingly, defendant's unopposed Motion for Partial Summary Judgment [Rec. Doc. 18] will be **GRANTED**.

---

[3] As in *Sher*, *supra*, plaintiff may also argue that the continuing nature of the violation subjects State Farm to the greater penalties. There, as here, however, the conduct first exposing the insurer to liability, *i.e.* submission of a satisfactory proof of loss, occurred before the amendment of the statute. As a result, despite the continuing nature of the alleged tort, the Supreme Court held the version applicable to the dispute was the version existing at the time the right accrued. *Sher,* 2008 WL 928486 at *14 - *15.